## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| P.S., a minor by and through his parents and next friends, JARET and MINTA STEPHENSON, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | Case No. 6:21-cv-427-JDK |
| | § | |
| BROWNSBORO INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Brownsboro Independent School District's (BISD) Second Motion to Dismiss (Docket No. 9).

The Court referred this motion to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b)(1).  On August 25, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny in part and grant in part BISD's motion.  Docket No. 18.  Specifically, Judge Mitchell recommended:  (1) dismissing Plaintiffs' § 1983 claims without prejudice pursuant to Plaintiffs' oral dismissal of those claims, (2) dismissing Plaintiffs' heightened risk Title IX claim pursuant to BISD's motion to dismiss, and (3) denying BISD's motion as it relates to Plaintiffs' post-report Title IX claim.  Plaintiff filed no objections; BISD timely filed the objection discussed below.  Docket No. 22.

**I.**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

An objecting party must specifically identify those findings or recommendation to which objections are being made. The Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Further, a party that fails to object to specific issues of law or fact waives the right to a de novo review of the Report and Recommendation. *Washington v. Plano Indep. Sch. Dist.*, 2017 WL 73953, at *2 (E.D. Tex. Jan. 9, 2017).

**II.**

Here, BISD objected to Judge Mitchell's recommendation that the Court deny its Second Motion to Dismiss as it relates to Plaintiffs' post-report Title IX claim. Docket No. 22 at 1. For the following reasons, the Court overrules BISD's objection.

Under Title IX, a plaintiff alleging student-on-student harassment must show that

> the district (1) had actual knowledge of the harassment, (2) the harasser was under the district's control, (3) the harassment was based on the

victim's sex, (4) the harassment was so severe, pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit, and (5) the district was deliberately indifferent to the harassment.

*I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 368 (5th Cir. 2019).  Judge Mitchell's report concluded that Plaintiffs sufficiently pleaded each of these elements.  Docket No. 18 at 9.  BISD objects that Plaintiffs failed to adequately plead elements one, four, and five.  Docket No. 22 at 4–8.

## A.

To satisfy element one, Plaintiffs must allege that an "appropriate person" in the district had actual knowledge of the alleged hazing.  *Gebser v. Lago Vista Indep. Sch. Dist.*, 525 U.S. 274, 290 (1998).  Judge Mitchell's report concluded that Plaintiffs alleged sufficient facts demonstrating that the head baseball coach was an appropriate person.  Docket No. 18 at 8.  BISD contends that baseball coaches cannot be appropriate persons under Title IX as a matter of law.  Docket No. 22 at 4.

As Judge Mitchell explained, however, an "appropriate person" is, "at minimum, an official of the [district] with authority to take corrective action to end the discrimination."  *Gebser*, 525 U.S. at 290.  Put another way, the appropriate person must have the authority to both "repudiate th[e] conduct and eliminate the hostile environment"  *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 360 (5th Cir. 2020).  Determining whether a district employee is an "appropriate person" is a "fact-specific" inquiry.  *S.M. v. Sealy Indep. Sch. Dist.*, 2021 WL 1599388, at *5 (S.D. Tex. Apr. 23, 2021).  In the *Sealy* case, cited by Judge Mitchell in her report, the court denied a motion to dismiss on similar facts.  *Id.*  The court there noted that the

coaches may have had the "power to halt the abuse," and that the Fifth Circuit has not foreclosed the possibility of coaches being appropriate persons as a matter of law. *Id.*; *see J.B. v. Klein Indep. Sch. Dist.*, 2020 WL 813020, at *8 (S.D. Tex. Feb. 18, 2020) ("The Court has found no authority for the proposition that a teacher, or any school employee below the level of an assistant principal, cannot be an 'appropriate person' as a matter of law. Who qualifies as an 'appropriate person' is generally a *question of fact.*").

Here, the complaint alleged that the head baseball coach, Wes Johnston, knew of the "time-honored hazing tradition" and "sexually hostile educational environment" on the team. Docket No. 7, Ex. 2 ¶¶ 2, 79, 101. Further, the coaching staff, including Johnston, was allegedly present during the complained-of hazing. *Id.* ¶¶ 48–49, 57, 60, 62, 64. Finally, Plaintiffs alleged that Johnston "was responsible for all relevant disciplinary activities related to the team," including "stop[ping] the practice [of hazing] and hold[ing] the offending student or students, responsible for their conduct." *Id.* ¶ 37. As Judge Mitchell properly concluded, a plausible inference of these allegations is that Johnston was an appropriate person with the "power to halt the abuse." *See Sealy Indep. Sch. Dist.*, 2021 WL 1599388, at *5. BISD's first objection is overruled.

## B.

Under the fourth element, Plaintiffs must allege that the harassment was "severe, pervasive, and objectively offensive." *Lewisville Indep. Sch. Dist.*, 915 F.3d at 368. BISD is correct that "single instances of sexual harassment typically do not involve behavior serious enough" to satisfy this requirement. Docket No. 22 at 6

4

(quoting *I.L. v. Hous. Indep. Sch. Dist.*, 776 F. App'x 839, 843 (5th Cir. 2019)).
Downplaying the allegations of prior incidents, BISD argues that this case involves
only the single incident on the team bus.  Docket No. 22 at 6.

But here, as Judge Mitchell noted, Plaintiffs alleged that the BISD baseball
team has a "long-standing hazing 'tradition'" including "sexual assault."  Docket
No. 7, Ex. 2 ¶¶ 2, 38–40.  Players allegedly threatened P.S. and other freshmen
teammates before the bus incident, such that they suffered anxiety from the ordeal.
*Id.* ¶¶ 50–51.  The freshmen, including P.S., coped by "trying to keep their heads
down." *Id.* ¶ 50.  The hazing culminated in the bus incident detailed in the complaint,
in which senior players "forcibly spread P.S.'s legs and 'dry humped' him." *Id.* ¶ 62.
Coaches were allegedly present at, or aware of, all these incidents. *Id.* ¶¶ 49–50, 57–
62.

At the pleadings stage, the Court is unable to say that this conduct is not
sufficiently "severe, pervasive, and objectively offensive" as a matter of law. *Davis
Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 651 (1999).
"Whether conduct rises to the level of actionable [sexual] harassment," under Title
IX, "'depends on a constellation of surrounding circumstances, expectations, and
relationships, including, but not limited to, the ages of the harasser and the victim
and the number of individuals involved.'" *Sanches v. Carrollton-Farmers Branch
Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011).  These factual matters are not
properly decided here.  BISD's second objection is overruled.

## C.

Finally, BISD argues that it was not "deliberately indifferent" to reports of hazing.  Docket No. 22 at 6–8.  It argues that the BISD administrators took immediate action after the bus incident, punishing those responsible, and that P.S. has not alleged "any further discrimination" after the investigation.  *Id.* at 7.

But BISD again disregards Plaintiffs' allegations of a "long-standing hazing 'tradition,'" in which coaches had knowledge of prior incidents, including incidents involving P.S.  Docket No. 7, Ex. 2 ¶¶ 2, 38–40, 50–51.  As Judge Mitchell reasoned, Plaintiffs alleged that coaches failed to halt the abuse following those incidents.  *Id.* ¶¶ 37, 50.  Other courts have found a failure to respond to prior incidents as indicative of deliberate indifference.  *Doe I on Behalf of Doe II v. Huntington Indep. Sch. Dist.*, 2020 WL 10317505, at *8 (E.D. Tex. Oct. 5, 2020) ("According to Doe I, Principal Stover knew about at least one sexual assault that occurred on campus [to some other unnamed student], but he failed to report it to the authorities.").  BISD's third objection is overruled.

## III.

Having conducted a de novo review of the complaint, BISD's motion, and the Magistrate Judge's Report and Recommendation, the Court has determined that the Report and Recommendation is correct, and BISD's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 18) as the opinion of the District Court.  The Court further **GRANTS** in part and **DENIES** in part BISD's Second Motion to Dismiss (Docket No. 9).  The motion is

granted as to Plaintiffs' heightened risk Title IX claim and denied in all other respects.  Further, Plaintiffs' § 1983 claims are dismissed without prejudice pursuant to Plaintiffs' oral notice of dismissal of those claims.

So **ORDERED** and **SIGNED** this **24th** day of **October, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE